**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
Isam Elwadi, and Ala Ade Librahim Mhaidat, *on behalf*
*of themselves and others similarly situated in the*
*proposed FLSA Collective Action,*

                                       *Plaintiffs,*

             -*against*-

Godfather Deli Corp., Ahmad F. Alzubi and Jafar Ahmad
Alrawashdeh,

                                   *Defendants*.
-------------------------------------------------------------------X

Case No.:


**COMPLAINT**

Jury Trial Demanded

       Plaintiffs Isam Elwadi ("Elwadi") and  Ala Ade Librahim Mhaidat ("Mhaidat", and together, the "Plaintiffs"), on behalf of themselves and others similarly situated, by and through the undersigned attorneys, Levin-Epstein & Associates, P.C., upon personal knowledge as to themselves and upon information and belief as to others, brings this complaint against Defendants Godfather Deli Corp. (the "Corporate Defendant"), Ahmad F. Alzubi and Jafar Ahmad Alrawashdeh (the "Individual Defendants", and collectively, the "Defendants"), and states as follows:

### NATURE OF THE ACTION

1.    Plaintiffs bring this action to redress Defendants' prolonged pattern of delay, misrepresentation, and bad faith in the course of attempted pre-litigation resolution. For several months, Defendants repeatedly represented that they intended to engage in alternative dispute resolutions processes to resolve the dispute between the parties.

2.    In reliance on those representations, Plaintiffs refrained from commencing litigation and cooperated fully in purported settlement efforts. Plaintiffs acted at all times in good faith and with the reasonable expectation that Defendants would do the same.

1

3. Throughout this period, however, Defendants failed to produce a single record, document, or item of information necessary for Plaintiffs to meaningfully evaluate the merits of Defendants' position. Despite repeated requests, Defendants withheld all responsive materials and offered only assurances that production would be forthcoming.

4. Ultimately, after months of delay and repeated promises, Defendants abruptly withdrew from the proposed settlement negotiation process without explanation or justification. Their conduct has caused Plaintiffs unnecessary expense, wasted time, and prejudice, and has made clear that Defendants never intended to engage in good faith resolution of this matter.

5. Accordingly, Plaintiffs are compelled to commence this action to obtain the relief to which they are entitled, and to ensure that Defendants are held accountable for their failure to participate honestly and transparently in the pre-litigation process.

6. Plaintiffs bring this lawsuit seeking recovery, for themselves and all other similarly situated individuals, against Defendants' violations of the FLSA, and violations of Articles 6 and 19 of the NYLL and their supporting NYDOL regulations.

7. Plaintiffs seek injunctive and declaratory relief and to recover unpaid overtime wages liquidated and statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA, NYLL, and the NYLL's Wage Theft Prevention Act ("WTPA").

## JURISDICTION AND VENUE

8. The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216 (b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiffs' claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

9. This Court has federal question jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the FLSA.

10.    Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), because all events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

### PLAINTIFF ISAM ELWADI

11.    Plaintiff Elwadi was employed as a deli man and general worker at Defendants' deli known as "Godfather Deli" located at: 121 West 116th St. New York, NY 10026.

12.    Plaintiff Elwadi was employed as a non-managerial employee at Godfather Deli from on or around August 17, 2025 to, through and including, February 1, 2026.

13.    At all relevant times, Plaintiff Elwadi has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

### PLAINTIFF ALA ADE LIBRAHIM MHAIDAT

14.    Plaintiff Mhaidat was employed as a cashier and general worker at Godfather Deli.

15.    Plaintiff Mhaidat was employed as a non-managerial employee at Godfather Deli from on or around July 17, 2025 to, through and including, February 1, 2026.

16.    At all relevant times, Plaintiff  Mhaidat has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

### DEFENDANT GODFATHER DELI CORP.

17.    Upon information and belief, Defendant Godfather Deli Corp. is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains a principal place of business at 121 West 116th St, New York, NY 10026.

18.    At all times relevant to this Complaint, Defendant Godfather Deli Corp. (i) has had and continues to have employees engaged in commerce or in the production of goods and services

3

for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

19.     At all times relevant to this Complaint, Defendant Godfather Deli Corp. was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiffs.

20.     At all times relevant to this Complaint, Defendant Godfather Deli Corp. was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiffs.

21.     Defendant Godfather Deli Corp. possessed substantial control over Plaintiffs (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

22.     Defendant Godfather Deli Corp. had the power to hire and fire Plaintiffs, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

**DEFENDANT AHMAD F. ALZUBI**

23.     Upon information and belief, Defendant Ahmad F. Alzubi is an individual who resides at 28 Southridge Rd., Southbury, CT 06488, and with a principal place of business at: (i) 121 West 116th St, New York, NY 10026; (ii) 540 Jackson Ave., Bronx, NY 10455; and (iii) 2024 Continental 1, Bronx, NY 10461.

24.     Defendant Ahmad F. Alzubi is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

25.     Defendant Ahmad F. Alzubi is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendant.

26.     Defendant Ahmad F. Alzubi possesses or possessed operational control over the Corporate Defendant or controlled significant functions of the Corporate Defendant.

27.     Defendant Ahmad F. Alzubi determined the wages and compensation of employees, including Plaintiffs, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

28.     At all times relevant to this Complaint, Defendant Ahmad F. Alzubi was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiffs.

**DEFENDANT JAFAR AHMAD ALRAWASHDEH**

29.     Upon information and belief, Defendant Jafar Ahmad Alrawashdeh is an individual who resides at 1840 Pilgrim Ave., Bronx, NY 10461, and with a principal place of business at: (i) 121 West 116th St, New York, NY 10026; (ii) 540 Jackson Ave., Bronx, NY 10455; and (iii) 2024 Continental 1, Bronx, NY 10461.

30.     Defendant Jafar Ahmad Alrawashdeh is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

31.     Defendant Jafar Ahmad Alrawashdeh is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendant.

32.     Defendant Jafar Ahmad Alrawashdeh possesses or possessed operational control over the Corporate Defendant or controlled significant functions of the Corporate Defendant.

33.     Defendant Jafar Ahmad Alrawashdeh determined the wages and compensation of employees, including Plaintiffs, established the schedules of employees, maintained employee

records, and had the authority to hire and fire employees.

34.     At all times relevant to this Complaint, Defendant Jafar Ahmad Alrawashdeh was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiffs.

## FACTUAL ALLEGATIONS

### *Factual Allegations Pertaining Specifically to Plaintiff Isam Elwadi*

35.     Plaintiff Elwadi was employed as a deli man and general worker at Godfather Deli.

36.     From approximately August 17, 2025 to, through and including, February 1, 2026, Plaintiff Elwadi worked at Godfather Deli: seven (7) days per week: from 2:00 p.m. to 12:00 a.m. (*i.e.*, 10 hours per day), for a total period of approximately 70 hours during each of the weeks, respectively.

37.     From approximately August 17, 2025 to, through and including, January 23, 2026, Plaintiff Elwadi was paid a flat day rate of $100 per day (*i.e.,* $700 per week), regardless of how many hours he worked per week.

38.     From approximately January 24, 2026 to, through and including February 1, 2026, Plaintiff Elwadi was paid $275 for that entire workweek, regardless of how many hours he worked that week.

39.     As a general worker performing predominantly physical and manual tasks at Godfather Deli, including lifting, carrying, stocking, and organizing inventory; unloading deliveries; cleaning floors, counters, refrigerators, and food-preparation areas; preparing and packaging food products; operating deli equipment; restocking shelves and displays; removing garbage and recyclables; and performing other labor-intensive duties necessary to maintain daily operations, Plaintiff Elwadi was a manual worker within the meaning of NYLL § 191(1)(a).

6

*Factual Allegations Pertaining Specifically to Plaintiff Ala Ade Librahim Mhaidat*

40.    Plaintiffs Mhaidat  was employed as a cashier and general worker at Godfather Deli.

41.    From approximately July 17, 2025 to, through and including, February 1, 2026, Plaintiff Mhaidat  worked at Godfather Deli: seven (7) days per week: from 2:00 p.m. to 12:00 a.m. (*i.e.*, 10 hours per day), for a total period of approximately 70 hours during each of the weeks, respectively.

42.    From approximately August 17, 2025 to, through and including, January 23, 2026, Plaintiff Mhaidat  was paid a flat day rate of $100 per day (*i.e., $700 per week*), regardless of how many hours he worked per week.

43.    From approximately January 24, 2026 to, through and including February 1, 2026, Plaintiff Mhaidat  was paid $275 for that entire workweek, regardless of how many hours

44.    As a general worker performing predominantly physical and manual tasks at Godfather Deli, including lifting, carrying, stocking, and organizing inventory; unloading deliveries; cleaning floors, counters, refrigerators, and food-preparation areas; preparing and packaging food products; operating deli equipment; restocking shelves and displays; removing garbage and recyclables; and performing other labor-intensive duties necessary to maintain daily operations, Plaintiff Mhaidat was a manual worker within the meaning of NYLL § 191(1)(a).

*Factual Allegations Pertaining to All Plaintiffs*

56.    Plaintiffs and other similarly situated individuals are individuals who have worked for Defendants in similarly-titled, hourly paid position, during the statutory period.

57.    Plaintiffs and other similarly situated individuals all shared similar job titles, training, job descriptions and job tasks, during the statutory period.

58. At all relevant times, Defendants did not pay Plaintiffs at the rate of one and one-half times their hourly wage rate for hours worked more than forty per workweek.

59. Defendants did not state the correct gross wages, as defined by NYLL, for any employee on any pay statement as required by NYLL or deductions from the correct gross wages.

60. Plaintiffs were not required to keep track of their time, nor to their knowledge, did the Defendants utilize any time tracking device, such as sign-in sheets or punch cards, that accurately reflected their actual hours worked.

61. No notification, either in the form of posted notices, or other means, was ever given to Plaintiffs regarding wages required under the FLSA or NYLL.

62. Defendants did not provide Plaintiffs with a statement of wages, as required by NYLL 195(3).

63. Defendants did not give any notice to Plaintiff of their rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

64. Defendants' failure to provide accurate wage notices and accurate wage statements denied Plaintiff their statutory right to receive true and accurate information about the nature of their employment and related compensation policies.

65. Moreover, Defendants' breach of these obligations injured Plaintiffs by denying Plaintiff the right to know the conditions of their compensation, resulting in the underpayment of wages.

66. Despite Plaintiffs being employed as manual workers, they were not paid weekly as required under NYLL § 191(1)(a).

67. Throughout this period of systematic wage theft, Defendants issued sporadic, delayed, and inadequate payments.

## FLSA COLLECTIVE ACTION ALLEGATIONS

68.   Plaintiffs brings the First and Second Claims for Relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. §216(b), on behalf of all non-exempt persons (including but not limited to deli men, cashiers and general workers) employed by Defendants on or after the date that is three years before filing of the Complaint in this case, as defined herein ("FLSA Collective Plaintiffs").

69.   At all relevant times, Plaintiffs and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay them at the legally required overtime wage for all hours worked in excess of forty hours per work week. These claims of the Plaintiffs are essentially the same as those of the FLSA Collective Plaintiffs.

70.   The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to under FLSA §16(b), 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and others related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to the Defendants.

71.   Plaintiffs reserve the right to re-define the FLSA Collective Plaintiffs prior to notice or collective certification, and thereafter, as necessary.

### FIRST CLAIM
### (FLSA – Unpaid Minimum Wages, 29 U.S.C. § 201 *et seq*.)

72.   Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

73. Defendants willfully and intentionally failed to compensate the Plaintiff with the applicable minimum hourly wage in violation of the FLSA, 29 U.S. Code § 206.

74. Defendants have failed to make a good faith effort to comply with the FLSA with respect to compensation of Plaintiffs.

75. Due to Defendants' violations of the FLSA, Plaintiffs, on behalf of themselves and FLSA Collective Plaintiffs, are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

**SECOND CLAIM**
**(FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ 201 *et seq*.)**

76. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

77. At all relevant times to this action, Plaintiffs are covered, non-exempt employees within the meaning of the FLSA.

78. Defendants were required to pay Plaintiffs one and one-half (1 1/2) times the regular rate at which Plaintiffs were employed for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, et seq.

79. Defendants failed to pay Plaintiffs the overtime wages to which they are entitled under the FLSA.

80. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiffs overtime wages.

81. Due to Defendants' willful violations of the FLSA, Plaintiffs, on behalf of

themselves and FLSA Collective Plaintiffs, are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## THIRD CLAIM
### (NYLL – Unpaid Minimum Wages, N.Y. Stat. § 650 *et seq.*)

82.    Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

83.    Defendants willfully and intentionally failed to compensate the Plaintiffs with the applicable minimum hourly wage in violation of the NYLL §650 et seq.

84.    Defendants have failed to make a good faith effort to comply with the NYLL with respect to compensation of Plaintiffs.

85.    Due to Defendants' violations of the NYLL, Plaintiffs, on behalf of themselves and the Class, are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, in an amount to be determined at trial, pursuant to the NYLL § 663.

## FOURTH CLAIM
### (NYLL – Unpaid Overtime Wages)

86.    Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

87.    Plaintiffs are covered, non-exempt employees within the meaning of the NYLL and supporting New York Department of Labor ("NYDOL") Regulations.

88.    Under the NYLL and supporting NYDOL Regulations, Defendants are required to pay Plaintiffs one and one half times the regular rate of pay, which shall not be less than the

minimum wage, for all hours they worked in excess of forty.

89.    Defendants failed to pay Plaintiffs the overtime wages to which they are entitled under the NYLL.

90.    Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiffs overtime wages.

91.    Due to Defendants' willful violations of the NYLL, Plaintiffs, on behalf of themselves and the Class, are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## FIFTH CLAIM
### (NYLL WTPA– Failure to Provide Wage Notices)

92.    Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

93.    The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates at the time of hire.

94.    In violation of NYLL §195 (1), Defendants failed to furnish to Plaintiffs at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer, and anything otherwise required by law.

95.    Due to Defendants' violations of NYLL §195 (1), Plaintiffs, on behalf of themselves and the Class, are entitled to recover their liquidated damages, reasonable attorney's

fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-b).

## SIXTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

96.    Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

97.    With each payment of wages, Defendants failed to provide Plaintiffs with a statement listing each of the following the dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

98.    As a result of Defendant's violation of the WTPA, Plaintiffs, on behalf of themselves and the Class, are entitled to damages of at least $150 per week during which the violations occurred.

## SEVENTH CLAIM
### (NYLL – Failure to Pay Manual Workers Weekly)

99.    Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

100.    NYLL § 191(1)(a) expressly mandates that "a manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned."

101.    Plaintiffs unquestionably qualify as "manual workers" within the meaning of NYLL § 191(1)(a) as they performed physical, predominantly physical and manual tasks at Godfather Deli, including lifting, carrying, stocking, and organizing inventory; unloading deliveries; cleaning floors, counters, refrigerators, and food-preparation areas; preparing and packaging food products; operating deli equipment; restocking shelves and displays; removing

garbage and recyclables; and performing other labor-intensive duties necessary to maintain daily operations, Plaintiff Elwadi was a manual worker within the meaning of NYLL § 191(1)(a).

102.    Defendants are "employers" within the meaning of the NYLL, while Plaintiffs and are employees within the meaning of the NYLL.

103.    Despite this clear statutory mandate, Defendants failed to pay Plaintiffs on a weekly basis.

104.    Under amendments to NYLL § 191(1)(b) that became effective May 9, 2025, first-time violators must pay interest on unpaid wages from the date the wages were due, and repeat offenders who have previously violated NYLL § 191 are subject to 100% liquidated damages on unpaid wages.

105.    Plaintiffs are entitled to payment of all wages owed, interest, liquidated damages, attorneys' fees, and costs for Defendants' violations of the NYLL's weekly payment requirement.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiffs, on behalf of themselves and FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment:

a.      authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as nonexempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied minimum wages, and premium overtime wages;

b.      certification of this case as a collective action pursuant to the FLSA;

c.      issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and

14

appointing Plaintiffs and their counsel to represent the FLSA Collective Plaintiffs;

d.    declaring that Defendants violated the minimum wage provisions of the FLSA, the NYLL and the NYDOL regulations;

e.    declaring that Defendants violated the overtime wage provisions of the FLSA, the NYLL and the NYDOL regulations;

f.    declaring that Defendants violated the notice statement pay provisions of the NYLL and WTPA;

g.    awarding Plaintiffs unpaid minimum wages;

h.    awarding Plaintiffs unpaid overtime wages;

i.    awarding unpaid wages under New York State law for failure to pay timely wages;

j.    awarding Plaintiffs liquidated damages in an amount equal to the total amount of wages found to be due;

k.    awarding Plaintiffs statutory damages as a result of Defendants' failure to furnish accurate wage notice pursuant to the NYLL;

l.    awarding Plaintiffs pre- and post-judgment interest under the NYLL;

m.    awarding Plaintiffs reasonable attorneys' fees and the costs and disbursements of this action; and

n.    Such other relief as this Court deems just and proper.


Dated: New York, New York
       June 11, 2026

                                        Respectfully submitted,

                                        By: /s/ Joshua Levin-Epstein
                                             Joshua Levin-Epstein
                                             Jason Mizrahi
                                             Levin-Epstein & Associates, P.C.
                                             420 Lexington Avenue, Suite 2458
                                             New York, NY 10170
                                             Tel. No.: (212) 792-0046
                                             Email: Joshua@levinepstein.com
                                             *Attorneys for the Plaintiffs and proposed FLSA Collection Action Plaintiffs*

15